UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

IN RE:  DAVID S. GREENBERG

                                      CHAPTER 7
                                      CASE NO. 13-34271

**AGREED ORDER OF SETTLEMENT**

By agreement of the parties, namely the Debtor, David S. Greenberg, by and through counsel, Creditor, Polo Fields Community Association, Inc., by and through counsel, and Bankruptcy Trustee, William W. Lawrence, the parties hereto agree as follows:

1. That the Debtor, David S. Greenberg, is the debtor in the above-captioned bankruptcy case filed on October 29, 2013.

2. That the Debtor, David S. Greenberg, is the sole owner/shareholder of Polo Fields, Inc. (the "Developer"), which was the Developer of record for the subdivision development known as Polo Fields;

3. That the Creditor, Polo Fields Community Association, Inc. (the "Association"), is the homeowners association of record for the subdivision development known as Polo Fields;

4. That, on February 3, 2014, the Association filed an Adversary Proceeding against the Debtor, styled *Polo Fields Community Association, Inc. v. Greenberg*, Case No. 14-03006 (the "Adversary Proceeding").

5.  That the Developer, by and through its principal, David S. Greenberg (the "Debtor"), has previously transferred the Board control of the subdivision commonly known as Polo Fields, to the Association, including any and all rights granted to Polo Fields, Inc. as the Developer or Declarant, in the previously filed Declaration of Covenants, Conditions and Restrictions for the various sections as identified and shown on Exhibit "A" to the Assignment of Developers Rights (the "Transfer"), which is attached to this Agreed Order;

6.  That the parties hereto desire to resolve and settle all issues relating to the Adversary Proceeding and the Transfer without resorting to further litigation and without admission of any fault or liability and, as a result of good faith settlement negotiations, have agreed to settle all such issues, disputes, claims and causes of action as set forth in this Agreed Order;

7.  That the Developer, by and through the Debtor, agrees that it will execute the Assignment of Developer's Rights, attached to this Agreed Order, and assign any and all remaining rights it may have, as Developer only[1], including any rights or outstanding entitlements to any social dues as set forth in the Omnibus Settlement Agreement and Mutual Release between GC Development, Inc. and Polo Fields, Inc., dated March 23, 1998, which agreement is filed of record in Deed Book 7015, Page 35, in the Office of the Clerk of Jefferson County, Kentucky, to the Association, in all sections of the Polo Fields subdivision and as further identified on the referenced Assignment of Developer's Rights;

8. That the Developer, by and through the Debtor, agrees that it shall transfer, by General Warranty Deed, all right, title and interest in the described open space lots of the subdivision (as specified in Paragraph 9, below), to the Association;

9. That, as a result, the Bankruptcy Trustee hereby agrees to abandon any interest that it may have in the following property:

   a. Real property located at Polo Run Lane, Louisville, Kentucky; parcel no. 21-3532-0172-0000; Assessed Valuation - $1,280.00. More particularly described as "Lot 172, The Meadows at the Polo Fields, Phase One, as shown on plat of record in Plat and Subdivision Book 48, Page 92 in the Office of the Clerk of Jefferson County, Kentucky";

   b. Real property located at 17408 Polo Run Lane, Louisville, Kentucky; parcel no. 21-3747-0205-0000; Assessed Valuation - $6,160.00. More particularly described as "Lot 205, The Meadows at the Polo Fields, Section 2, a plat of which is of record in Plat and Subdivision Book 50, Page 93 in the Office of the Clerk of Jefferson County, Kentucky";

   c. Real property located at 17507 & 17517 Polo Run Lane, Louisville, Kentucky; parcel no. 21-3822-0068-0000; Assessed Valuation - $8,690.00. More particularly described as "Lot 68, The Meadows at the Polo Fields, Phase 4, a Plat of which is of record in Plat and Subdivision Book 51, Page 70 in the Office of the Clerk of Jefferson County, Kentucky";

   d. Real property located at 17508 & 17516 Polo Run Lane, Louisville, Kentucky; parcel no. 21-3822-0069-0000; Assessed Valuation - $10,560.00. More particularly described as "Lot 69, The Meadows at the Polo Fields, Phase 4, a Plat of which is of record in Plat and Subdivision Book 51, Page 70 in the Office of the Clerk of Jefferson County, Kentucky";

   e. Real property located at 1100 Crossings Cove Court, Louisville, Kentucky; parcel no. 21-3773-0206-0000; Assessed Valuation - $3,830.00. More particularly described as "Lot 69, The Meadows at the Polo Fields, Phase 3, a Plat of which is of record in Plat and

---

[1] By this Agreed Order, the Developer, by and through the Debtor, is only assigning its Developer rights and rights with respect to social dues as addressed in the Omnibus Settlement Agreement and Mutual Release. Any Membership rights shall not be affected by this Agreed Order and shall not be assigned.

        Subdivision Book 51, Page 18 in the Office of the Clerk of Jefferson County, Kentucky"; and

    f.    Any and all remaining rights Debtor may have an interest in, by and through Developer, including any rights or outstanding entitlements to any social dues (as set forth in the Omnibus Settlement Agreement and Mutual Release between GC Development, Inc. and Polo Fields, Inc., dated March 23, 1998, which agreement is filed of record in Deed Book 7015, Page 35, in the Office of the Clerk of Jefferson County, Kentucky), in all sections of the Polo Fields subdivision and as further identified on the referenced Assignment of Developer's Rights.

10.    That the parties agree that Polo Fields Community Association, Inc. has an interest in the subject property listed above, both real and personal.

11.    That, within five (5) business fays of this Court's approval and entry of this Agreed Order, the Debtor shall pay to the Association the sum of five thousand dollars ($5,000) in exchange for dismissal of the Adversary Proceeding.

12.    That, upon the entry and approval of this Agreed Order, the Association and the Debtor mutually release and waive any claims and causes of action that they have, had, or may have against each other relating to the Adversary Proceeding.  Further, the Association and the Debtor will waive any additional claims against each other and also release each other, including each of its employees, officers, directors, shareholders, predecessors, successors, parents, subsidiaries, affiliates, agents, assigns, members, heirs, legal representatives, insurers and attorneys from any and all claims, actions, causes of action, demands, liabilities, damages, liens, obligations, indemnities, promises, losses, fees, costs or expenses, suits, contributions, debts, accounts, claims (as such term is defined in Section 101(5) of the Bankruptcy Code), including but not limited to any claim under 11 U.S.C. §502(h) of the Bankruptcy Code, whatsoever, in law or in equity,

liquidated or indefinite, known or unknown, suspected or unsuspected, fixed or contingent, and whether direct or indirect, hidden or concealed, arising out of or in any way related to the Adversary Proceeding.

The Court having reviewed this Agreed Order and the exhibits attached hereto; and it appearing that the relief sought in this Agreed Order is in the best interest of the parties hereto; and the Court being sufficiently advised;

IT IS HEREBY ORDERED that:

1. The Court approves this Agreed Order in its entirety;

2. The Court finds that the property described in Paragraph 9(a-f) is burdensome to the estate, is of inconsequential value and benefit to the estate and, therefore, is **DEEMED ABANDONED**;

3. Within three (3) business days of entry of this Agreed Order, Debtor shall pay to the Association the sum of Five Thousand Dollars ($5,000) (the "Settlement Payment");

4. Within three (3) business days of receipt of the Settlement Payment , the Association shall also file a motion to fully and finally dismiss the Adversary Proceeding, and all claims related thereto, with prejudice;

5. Upon entry of this Order, the Debtor and the Association shall mutually release and waive any claims and causes of action that they have, had, or may have against each other relating to the Adversary Proceeding. Further, the Debtor and the Association will waive any additional claims against each other and also release each other, including each of its employees, officers, directors, shareholders, predecessors, successors,

parents, subsidiaries, affiliates, agents, assigns, members, heirs, legal representatives, insurers and attorneys from any and all claims, actions, causes of action, demands, liabilities, damages, liens, obligations, indemnities, promises, losses, fees, costs or expenses, suits, contributions, debts, accounts, claims (as such term is defined in Section 101(5) of the Bankruptcy Code), including but not limited to any claim under 11 U.S.C. §502(h) of the Bankruptcy Code, whatsoever, in law or in equity, liquidated or indefinite, known or unknown, suspected or unsuspected, fixed or contingent, and whether direct or indirect, hidden or concealed, arising out of or in any way related to the Adversary Proceeding.

DATED: May 23, 2014.


Have seen and agreed to:


/s/ *Richard V. Hornung*   /s/ *C.R. Bowles, Jr.*
**RICHARD V. HORNUNG**   **C. R. BOWLES**
HEBEL & HORNUNG, P.S.C.   Greenbaum Doll & McDonald, PLLC
6511 Glenridge Park Place, #1   3300 National City Tower
Louisville, Kentucky  40222   101 South Fifth Street
(502) 429-9790   Louisville, Kentucky  40202
Attorney for Creditor, Polo   (502) 589-4200
Fields Community Association, Inc.   Attorney for Debtor
rich@hebelhornung.com   cbowles@bgdlegal.com


/s/ *William W. Lawrence*
**WILLIAM W. LAWRENCE**
300 Republic Plaza
200 S. Seventh Street
Louisville, KY 40202
(502) 583-4484
Chapter 7 Bankruptcy Trustee
wlch7ecf@gmail.com

IT IS SO **AGREED** AND **ORDERED**.

DATE ENTERED: _____        _____
                                                                                    Judge,
                                                                                    United States Bankruptcy Court

15335005_1.doc